

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

February 16, 1953

Hon. Ben Ramsey, Lt. Governor
Chairman, Texas Legislative Council
Capitol Station
Austin, Texas

Opinion S-06

Re: Validity of Article 7047a,
V.C.S., providing an occupa-
tion tax on the operation of
Dear Governor Ramsey:      stock and commodity exchange.

        You request the opinion of this office as to the con-
stitutionality of H.B. No. 38, Acts 1930, 41st Legislature, 5th
C.S., ch. 4, p. 116, codified as Article 7047a, V.C.S. which im-
poses an occupation tax of $250.00 annually upon "every person,
firm, corporation, or association of persons owning, operating,
managing, controlling, or pursuing the business or occupation
of any cotton exchange <u>quotation</u> <u>service</u> in this State, or fur-
nishing quotations on the stock market on grain, cotton, or
other commodities, or stocks and bonds, and who maintain an of-
fice or place of business or branch office, and have a bulletin
board or other means of furnishing quotations on the stock mar-
ket . . .". (Emphasis added)

        The obvious purpose of this statute is to levy an oc-
cupation tax upon those engaged in the service of furnishing
market quotations applicable to the commodities and stocks,
bonds, etc., enumerated in the statute. We do not construe this
statute as applicable to stock exchanges acting as agents in the
purchase and sale of commodities and stocks. These are taxed
under Section 7, Brokers and Factors, at the rate of $10.00 per
year as provided in H.B. 677, Acts, 48th Legislature, 1943, ch.
372, p. 654. This statute is Section 7 of Article 7047 V.C.S.

        A careful reading of Article 7047a, V.C.S. shows that
it merely levies a nondiscriminatory occupation tax upon those
pursuing the occupation of furnishing market quotation service.
The tax is laid equally and uniformly upon all of that classi-
fication. There is nothing in the language of the statute that
leads us to the conclusion that it violates any provision of the
State or Federal Constitution. The Legislature has the power to
classify subjects for occupation taxation. <u>Hurt v. Cooper</u>, 130
Tex. 433, 110 S.W.2d 896 (1937).

It would appear from the enclosures accompanying your request that some conflict has heretofore existed in the prior opinions of this office as to the validity of this statute, especially in view of the statement made in opinion from this office dated April 3, 1936, addressed to the then Comptroller, Hon. George H. Sheppard, to the effect that the courts declared this statute unconstitutional in 1931. The opinion does not cite the authority and a very careful search by us has failed to find any such case.

There is perhaps implied in your request the question of whether this statute was repealed by Section 2 of H.B. 677, Acts of the 48th Legislature, 1943, ch. 372, p. 654, which did specifically repeal certain sections of Article 7047, V.C.S. and amended others. This office has heretofore, in Opinion O-5483, 1943, ruled that Article 7047a was not repealed by this subsequent act. We still adhere to this conclusion.

## S U M M A R Y

H.B. No. 38, Acts 1930, 41st Legislature, 5th C.S., ch. 4, p. 116, codified as Article 7047a, V.C.S., providing an occupation tax on the operation of stock and commodity exchanges, is constitutional and has not been repealed by any subsequent act of the Legislature.

APPROVED:

W. V. Geppert
Taxation Division

Willis E. Gresham
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By L. R. Lollar
Assistant